■ In the Matter of the Claim of RALPH R. SWIRSKY, Respondent, against BROOKLYN AMBULANCE SERVICE et al., Respondents-Appellants, and SPECIAL FUND FOR REOPENED CASES, Appellant-Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the Special Fund for Reopened Cases from a decision and award of the Workmen's Compensation Board. Claimant sustained three separate back injuries, on October 11, 1941, January 2, 1944 and February 16, 1950, respectively. Following the last accident the board has found that claimant has a permanent partial disability due to all three accidents, and in making an award for reduced earnings allocated 50% of the disability to the first accident, which is chargeable to appellant. At the time of the first accident claimant was earning $35 weekly; at the time of the second accident $60 weekly, and at the time of the third accident $71.06 weekly. In computing the reduced earnings the board has used only the last figure. Appellant's only contention is that the board was wrong in adopting a rate of compensation based upon claimant's earnings at the time of the last injury, and contends that the provisions of section 15 of the Workmen's Compensation Law require that claimant's wages at the time of the prior injuries should be the basis of computation of reduced earnings. There is no substantial distinction between this case and *Matter of Braunstein* v. *General Marine Repair* (307 N. Y. 296), and the principles enunciated are controlling here. Upon the authority of the *Braunstein* case the decision and award are affirmed, with one bill of costs to be divided between the respondent-carrier filing a brief and the Workmen's Compensation Board. Permission to appeal to the Court of Appeals is granted to appellant. Foster, P.J., Coon, Halpern and Gibson, JJ., concur.

■ In the Matter of the Claim of STEPHEN KOSTANEK, Respondent, against HOTEL PICCADILLY OPERATING Co. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision and an award of the Workmen's Compensation Board. The claimant age 55, was employed as a chef in the Hotel Piccadilly in New York City. On Thanksgiving Day, November 26, 1953, the claimant was unusually rushed in his work. About 6:00 P.M. of that day he lifted a pan containing about 50 pounds of turkey, and while carrying the pan towards a steam table he felt a sharp pain in his chest and had to put the pan down. He rested for a short time and drank a little cognac, after which he felt better and he continued to work until his normal quitting time. The next day he felt the pain again, when he stretched and lifted a heavy stack of plates. Again he rested a few minutes, drank a little cognac and continued working. He did not work Saturday; on Sunday morning, November 29, 1953, upon arising, he felt severe pain in his chest. A physician was called immediately, medication was administered, and the claimant was hospitalized that afternoon. He was released December 19, 1953, and thereafter was at home until February 1, 1954, when he again suffered a severe heart attack and was hospitalized for a period of five days. Physicians for the claimant testified that claimant suffered a coronary thrombosis on November 26, 1953, resulting in a myocardial infarction on November 29, 1953, and an episode of coronary insufficiency on February 1, 1954, all caused by the physical and emotional strain involved in the events of November 26 and 27, 1953. The expert for the carrier testified that the events occurring at work could not have caused the heart attack. This conflict of medical opinion was resolved by the board in favor of the claimant, and its findings of accident and causal relationship are supported by substantial evidence. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.